**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dr. Joe Holt, Appellant,

v.

Rural Health Services, Inc., Respondent.

Appellate Case No. 2025-000094

———————

Appeal From Aiken County
Patrick Cleburne Fant, III, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-349
Submitted June 1, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

John W. Harte, of John W. Harte Attorney At Law, LLC, of Aiken, for Appellant.

D. Randle Moody, II, of Jackson Lewis P.C., of Greenville; and Laura Ashley Ahrens, of Jackson Lewis P.C., of Clemson, both for Respondent.

———————

**PER CURIAM:** Dr. Joe Holt appeals the circuit court's order granting Rural Health Services, Inc.'s (RHS's) motion for summary judgment on his claims for defamation, abuse of process, interference with contractual relationships, negligence, and conversion. On appeal, Dr. Holt argues the circuit court erred in

granting RHS's motion for summary judgment because genuine issues of material fact existed for each of his causes of action.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in granting summary judgment as to Dr. Holt's defamation claim because he failed to establish a genuine issue of material fact as to whether the alleged statements were defamatory.  *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c)[ of the South Carolina Rules of Civil Procedure].""); Rule 56(c), SCRCP (providing summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Peterson v. W. Am. Ins. Co.*, 336 S.C. 89, 95, 518 S.E.2d 608, 610-11 (Ct. App. 1999) ("In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party."); *Stokes v. Oconee County*, 441 S.C. 566, 576, 895 S.E.2d 689, 694 (Ct. App. 2023) ("To prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." (quoting *McBride v. Sch. Dist. of Greenville Cnty.*, 389 S.C. 546, 559-60, 698 S.E.2d 845, 852 (Ct. App. 2010))).  First, as to the alleged statement that Dr. Holt "left" the employ of RHS because he called the police on an employee's son, we hold he failed to provide evidence showing an RHS employee made the statement or that an RHS employee, or anyone else, said he filed a *false* police report as he has characterized the statement.  *See Stokes*, 441 S.C. at 576, 895 S.E.2d at 694 (providing that to prove defamation, the plaintiff must first show a false and defamatory statement was made and the publisher was at fault).  Second, as to the alleged statement that Dr. Holt is incompetent in his profession, we find Dr. Holt failed to provide evidence showing an RHS employee made the statement.  *See Goodwin v. Kennedy*, 347 S.C. 30, 36, 552 S.E.2d 319, 322-23 (Ct. App. 2001) (providing that slander is "actionable per se when the defendant's alleged defamatory statements charge the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession"); *Stokes*, 441 S.C. at 576, 895 S.E.2d at 694 (stating that the plaintiff must show that the publisher was at fault to prove defamation).  Third, as to the statement that Dr. Holt was a "racist," we find he failed to provide evidence that

any RHS employee called him a racist or to provide the context of the statement and how the statement harmed him. *See Garrard for R.C.G. v. Charleston Cnty. Sch. Dist.*, 439 S.C. 596, 598, 890 S.E.2d 567, 568 (2023) (indicating that "calling someone a racist can be defamatory depending on the context"). Therefore, we hold the circuit court properly granted RHS's summary judgment motion as to Dr. Holt's defamation claim.

2. We hold the circuit court did not err in granting summary judgment as to Dr. Holt's abuse of process claim because he failed to provide evidence showing RHS reported his patient's family to DSS to gain a collateral advantage over him or in retaliation of the patient using his services. *See Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 (providing appellate courts apply the same standard applied by the trial court when reviewing a grant of summary judgment); Rule 56(c), SCRCP (providing summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Peterson*, 336 S.C. at 95, 518 S.E.2d at 610-11 (providing the evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party); *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997) ("The essential elements of abuse of process are an ulterior purpose and a willful act in the use of the process not proper in the conduct of the proceeding."); *Pallares v. Seinar*, 407 S.C. 359, 371, 756 S.E.2d 128, 133 (2014) ("An allegation that a party had a 'bad motive' or an 'ulterior purpose' in bringing an action, standing alone, is insufficient to sustain an abuse of process claim."); *Hainer*, 328 S.C. at 136, 492 S.E.2d at 107 ("The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself."); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union*, 351 S.C. 65, 75, 567 S.E.2d 251, 255-56 (Ct. App. 2002) ("One who uses a legal process, whether criminal or civil, against another *primarily* to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." (quoting Restatement (Second) of Torts § 682 (1977))).

3. We hold the circuit court did not err in granting summary judgment as to Dr. Holt's interference with contractual relationships claim because Dr. Holt did not raise a genuine issue of material fact as to whether he had a contract with his patients. *See Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 (providing appellate courts apply the same standard applied by the trial court when reviewing a grant of summary judgment); Rule 56(c), SCRCP (providing summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Peterson*, 336 S.C. at 95, 518 S.E.2d at 610-11 (providing the evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party). Specifically, Dr. Holt admitted he did not have a contract with his patients. *See Broach v. Carter*, 399 S.C. 434, 441, 732 S.E.2d 185, 188 (Ct. App. 2012) ("The elements of a cause of action for tortious interference with a contract include the following: (1) a valid contract exists; (2) the defendant has knowledge of the contract; (3) the defendant intentionally procures its breach; (4) the defendant acted without justification; and (5) the plaintiff suffers prejudice."); *Threlkeld v. Christoph*, 280 S.C. 225, 227, 312 S.E.2d 14, 15 (Ct. App. 1984) ("[A]n action for tortious interference protects the property rights of the parties to a contract against unlawful interference by third parties."); *First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 73, 451 S.E.2d 907, 913 (Ct. App. 1994) ("[W]ithout a breach of the underlying contract, there can be no recovery.").

4. We hold the circuit court did not err in granting summary judgment as to Dr. Holt's negligence claim. *See Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 (providing appellate courts apply the same standard applied by the trial court when reviewing a grant of summary judgment); Rule 56(c), SCRCP (providing summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Peterson*, 336 S.C. at 95, 518 S.E.2d at 610-11 (providing the evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party); *Huggins v. Citibank, N.A.*, 355 S.C. 329, 332, 585 S.E.2d 275, 276 (2003) ("In order to establish a claim for negligence, a plaintiff must prove the following elements: 1) a duty of care owed by the defendant to the plaintiff, 2) a breach of that duty by negligent act or omission, and 3) damage proximately caused by the breach."). First, Dr. Holt failed to present evidence to establish RHS owed him a duty of care as his former employer. *See Hubbard v. Taylor*, 339 S.C. 582, 588, 529 S.E.2d 549, 552 (Ct. App. 2000) ("A legal duty of care owed by the defendant to the plaintiff must exist to maintain an action for negligence."); *Hendricks v. Clemson Univ.*, 353 S.C. 449, 456, 578 S.E.2d 711, 714 (2003) ("An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance."); *Huggins*, 355 S.C. at 333, 585 S.E.2d at 277 ("Duty arises from the relationship between the alleged tortfeasor and the injured party."). Second, Dr. Holt failed to establish a genuine issue of material fact as to whether RHS breached its duty of care because the $504 check at issue was addressed to RHS

and there was no indication the payment was for services Dr. Holt rendered at his new practice. *See Huggins*, 355 S.C. at 332, 585 S.E.2d at 276 (providing that to establish negligence, a plaintiff must prove the defendant breached its duty of care). Third, Dr. Holt failed to establish a genuine issue of material fact as to whether RHS was the proximate cause of his damages because (1) he indicated it was common for payment to go to the former institution for "six months to a year" after an employee leaves and starts providing services elsewhere; (2) the insurance provider sent letters notifying RHS and Dr. Holt's patients that the wrong provider was paid; and (3) RHS provided the funds to Dr. Holt after it was notified of the mistake. *See id.* (stating a plaintiff must show the breach was the proximate cause of the damage to establish a negligence claim).

5. We hold the circuit court did not err in granting summary judgment as to Dr. Holt's conversion claim because Dr. Holt did not raise a genuine issue of material fact as to whether RHS retained $2,800 belonging to him for services he provided after his termination. *See Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 (providing appellate courts apply the same standard applied by the trial court when reviewing a grant of summary judgment); Rule 56(c), SCRCP (providing summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Peterson*, 336 S.C. at 95, 518 S.E.2d at 610-11 (providing the evidence and all reasonable inferences are viewed in the light most favorable to the non-moving party); *Owens v. Andrews Bank & Tr. Co.*, 265 S.C. 490, 496, 220 S.E.2d 116, 119 (1975) (stating conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights"); *id.* ("Conversion may arise by some illegal use or misuse, or by illegal detention of another's chattel."); *id.* at 496-97, 220 S.E.2d at 119 ("Money may be the subject of conversion, when it is capable of being identified, and there may be conversion of determinate sums even though the specific coin and bills are not identified."); *Mackela v. Bentley*, 365 S.C. 44, 48, 614 S.E.2d 648, 650 (Ct. App. 2005) ("A plaintiff claiming conversion may prevail based upon a showing of unauthorized detention of property, after demand.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.